UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| James Kiker Jr.<br>　　　Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| v. | ) Case No. 3:26-cv-00037<br>) |
| Experian Information Solutions, Inc.<br>　　　Defendant. | )<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## **COMPLAINT INTRODUCTION**

1. Plaintiff James Kiker, Jr., brings this civil action against Experian, Inc. seeking compensation and resolution for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA").

## **VENUE AND JURISDICTION**

2. This District obtains subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction of actions arising under the FCRA.

3. Defendant Experian Information Solutions, Inc. (hereinafter as "Experian") is a consumer reporting agency subject to the requirements of the FCRA and is therefore subject to the jurisdiction of this Court.

4. Venue is proper as James Kiker, Jr., resides in the Western District of North Carolina and conduct described in this action occurred in this District.

## IDENTIFICATION OF PARTIES INVOLVED

5. James Kiker Jr (hereinafter as "Mr. Kiker") is a natural person participating in the credit industry. Mr. Kiker is a consumer as defined by 15 U.S.C. § 1681a(c) and currently resides in Union County, North Carolina.

6. According to the North Carolina Secretary of State records, Experian is a California corporation, with a primary business address of 475 Anton Blvd, Costa Mesa, CA 92626.

7. Experian's registered agent is CT Corporation Systems. Their business address for service is 160 Mine Lake Ct, Suite 200, Raleigh, NC 27615.

8. Experian operates as a nationwide Consumer Reporting Agency ("CRA") under the definition set out in 15 U.S.C. § 1681a(f). For a fee or through cooperative arrangements, it regularly collects and analyzes credit and consumer data, then sells or provides that information to third parties in the form of consumer reports. In doing so, Experian makes use of interstate commerce channels such as the mail and

the internet. Because of this, Experian is directly subject to the requirements of the FCRA and is fully aware of the legal duties placed on it by federal law.

## **FACTUAL ALLEGATIONS AGAINST EXPERIAN**

9. On or about September 11, 2025, Mr. Kiker requested and obtained a copy of his consumer disclosure from Experian through the online portal that Experian uses known as annualcreditreport.com. The Report Number is 3879-2023-50.

10. When Mr. Kiker reviewed the disclosure, he noticed there was a significant amount of incomplete and inaccurate information maintained in the disclosure.

11. Mr. Kiker's plan was to verify the information contained in his file and to dispute any inaccurate information that may interfere with his creditworthiness.

12. The incomplete and inaccurate information in the disclosure prevented Mr. Kiker from being able to verify or dispute the adverse accounts in his file.

13. Some of the fields intentionally omitted by Experian include account numbers, original creditors and date of last activity. In addition, Experian failed to disclose complete payment history for multiple accounts.

14. The omissions made by Experian are in direct violation of 15 U.S.C. § 1681g(a)(1) as it possessed or should have possessed the information omitted from Mr. Kiker's disclosure.

15. The accounts information shown (with some accounts dating back to 2019) on Mr. Kiker's disclosure are inaccurate and incomplete.

16. This violation of 15 U.S.C. § 1681g(a)(1), committed by Equifax has caused a great amount of harm to Mr. Kiker, including statutory rights deprivation, financial hardships, risk of disproportionate adverse results when applying for extensions of credit, a deterrence of involvement in the credit industry, worry that his credit rating had been subject to irrevocable damage, anxiety pertaining to his financial and personal future, and fear of operating in an economy that is so reliant on a consumer's credit history.

## **SPECIFIC INCOMPLETE ACCOUNTS FOUND ON PLAINTIFF'S JUNE CONSUMER DISCLOSURE**

17. Consumers receiving full and complete file information plays a vital role in their ability to identify, investigate and dispute inaccuracies in their file. 15 U.S.C. § 1681g(a)(1), mandates that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file.

18. The tradelines that Mr. Kiker noticed that were inaccurate and incomplete were Credit One Bank, Jefferson Capital LLC, JPMCB Auto Finance, Rev Federal Credit Union, and WFBNA Card.

19. The CREDIT ONE BANK tradeline entry contained missing information. The account number shown (379363***) is incomplete. The "Recent Payment" and

"Terms" fields are missing and incomplete. Additionally, the account opened November, 2021 but "Payment History" and "Balance Histories" do not begin recording data until the following year.

20. The JEFFERSON CAPITAL LLC tradeline entry contained missing information. The account number shown (374406***) is incomplete. The "Recent Payment", "Monthly Payment" and "Highest Balance" fields are missing information. Additionally, the "Payment History" field has months of missing data. Most importantly, Equifax did not disclose the original creditor. JEFFERSON CAPITAL LLC is a third party debt collection company and purportedly acquired the rights to collect this debt from another company. Mr. Kiker is unable to make an accurate assessment with this missing and inaccurate information.

21. The JPMCB AUTO tradeline entry contained missing information. The "Account Number" presented (123041***) being incomplete. The "Recent Payment", "Monthly Payment", and "Highest Balance" sections are missing. The account opened February, 2023 but "Balance Histories" does not show data until September 2023.

22. The REV FCU tradeline entry contained missing information. The account number shown (328610***) is incomplete. The "Balance", "Balance Updated", "Recent Payment", "Monthly Payment", and "Highest Balance" fields have missing information. The "Payment History" does not disclose all the monthly history data.

23. The WFBNA CARD tradeline entry contained missing information. The account number shown (442644***) is incomplete. The "Recent Payment" and "Terms"

fields are incomplete. The account opened May, 2019 but "Balance Histories" did not begin recording data until September, 2023.

## DAMAGES SUSTAINED FROM EXPERIAN'S OMISSIONS.

24. The toll on Mr. Kiker is undeniable. His creditworthiness has been directly harmed. Missing data made it impossible for him to identify and dispute inaccurate items, which led to financial hardship, credit denials, and unfavorable loan terms.

## FIRST CLAIM FOR RELIEF VIOLATION OF 15 U.S.C. § 1681g(a)(1)
## Failing to clearly and accurately disclose all credit information

25. Mr. Kiker adopts and incorporates all prior paragraphs as though fully set forth here.

26. Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Kiker's disclosure request by failing to provide a complete and accurate report of the information in his file. Instead of supplying the full records required by Congress, Experian delivered disclosures that left out important and necessary information.

27. Under 15 U.S.C. § 1681n, Experian is liable to Mr. Kiker for either his actual damages or statutory damages of up to $1,000 per violation, along with costs and reasonable attorney's fees.

28. The disclosure Experian produced contained significant gaps, including missing balance histories, incomplete payment records, partial account numbers, and other

absent account details. Each missing piece represents a separate violation of the FCRA.

29. Even if Experian's actions are not considered willful, they were at the very least negligent. As such, Experian remains liable under 15 U.S.C. § 1681o for Plaintiff's actual damages and the costs of bringing this action.

WHEREFORE, Mr. Kiker respectfully requests that the Honorable Court enter judgment against Experian for:

- a. The greater of statutory damages of $1,000 per incident and Mr. Kiker' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Kiker' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
- c. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and reasonable attorneys fees pursuant to 15 U.S.C. § 1681n(c), and;
- d. Such other relief that this Court deems just and proper.

Respectfully submitted on January 15, 2026, by:

_____
Marcel A. McCrea, Esq.
Clearview Legal
PO Box 680128
Charlotte, NC 28216
T.: 980.225.9072
F: 980.225.9080
E: marcel@clearview.legal
COUNSEL FOR PLAINTIFF

8
Case 3:26-cv-00037-MEO-DCK    Document 1    Filed 01/15/26    Page 8 of 14

# EXHIBITS

EXHIBIT A
THE CREDIT ONE BANK ACCOUNT PROVIDED ON
MR. KIKERS SEPTEMBER 11, 2025 CONSUMER DISCLOSURE



EXHIBIT B
THE JEFFERSON CAPITAL LLC ACCOUNT PROVIDED ON
MR. KIKERS SEPTEMBER 11, 2025 CONSUMER DISCLOSURE



EXHIBIT C
THE JPMCB AUTO FINANCE ACCOUNT PROVIDED ON MR. KIKER'S
SEPTEMBER 11, 2025 CONSUMER DISCLOSURE



EXHIBIT D
THE REV FCU ACCOUNT PROVIDED ON
MR. KIKER'S SEPTEMBER 11, 2025 CONSUMER DISCLOSURE

# REV FCU
**POTENTIALLY NEGATIVE**

## Account Info

| | |
|---|---|
| Account Name | REV FCU |
| Account Number | 328610XXXX |
| Account Type | Auto Loan |
| Responsibility | Individual |
| Date Opened | 05/27/2021 |
| Status | Paid, Closed. |
| Status Updated | Jan 2023 |

| | |
|---|---|
| Balance | - |
| Balance Updated | - |
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $71,036 |
| Highest Balance | - |
| Terms | 75 Months |

## Payment History

sm/acr/printReport?type=CDI

Annual Credit Report - Experian

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 30 | — | — | — | — | — | — | — | — | — | — | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

## WFBNA CARD
**POTENTIALLY NEGATIVE**

### Account Info

| | | | |
|---|---|---|---|
| Account Name | WFBNA CARD | Balance | $1,405 |
| Account Number | 442644XXXXXXXXXX | Balance Updated | 08/22/2025 |
| Account Type | Credit card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $81 |
| Date Opened | 05/29/2019 | Credit Limit | $1,200 |
| Status | Open. $188 past due as of Aug 2025. | Highest Balance | $1,711 |
| Status Updated | Aug 2025 | Terms | - |

| | | | |
|---|---|---|---|
| Jan 2024 | $153 | $25 | $1,080 on 1/12/2024 |
| Dec 2023 | $1,216 | $30 | $317 on 12/17/2023 |
| Nov 2023 | $354 | $63 | $0 on 10/20/2023 |
| Oct 2023 | $321 | $26 | $909 on 10/20/2023 |
| Sep 2023 | $490 | $30 | $830 on 9/21/2023 |

Acct Opens 05/2019